**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| Case No.    CV 15-00136-SVW (KK) | Date: February 2, 2015 |
| | Page 1 of 5 |

Title:    Hector Jaramillo v. Dave Davey, CSP Warden

---

DOCKET ENTRY:    **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS UNTIMELY**

---

PRESENT:

**HONORABLE KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE**

| Deb Taylor | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PETITIONER:    ATTORNEYS PRESENT FOR RESPONDENT:

None Present                                                                None Present

**PROCEEDINGS: (IN CHAMBERS)**

On January 23, 2015,[1] Hector Jaramillo ("Petitioner"), a California state prisoner proceeding pro se, constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") pursuant to 28 U.S.C. § 2254. However, the Petition appears to be untimely on its face.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which effected amendments to the federal habeas statutes, applies to the instant Petition because Petitioner

---

[1] Under the "mailbox rule," a pleading filed by a pro se prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing, not the date on which the pleading may have been received by the court. See Houston v. Lack, 487 U.S. 266, 270, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000). Here, the Court has calculated the filing date of the Petition pursuant to the mailbox rule because the Petition was signed on January 23, 2015. (See Petition at 21) (The Court refers to the pages of the Petition as if they were consecutively paginated.).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No.    CV 15-00136-SVW (KK)          Date: February 2, 2015
                                          Page 2 of 5

Title:      Hector Jaramillo v. Dave Davey, CSP Warden

filed it after AEDPA's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 336, 117 S. Ct. 2059, 2068, 138 L. Ed. 2d 481 (1997). The AEDPA altered federal habeas litigation by imposing a specific time limit on the filing of federal habeas petitions. Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997), overruled in part on other grounds, Calderon v. United States District Court (Kelly V), 163 F.3d 530, 540 (9th Cir. 1998). By creating the AEDPA limitations period, Congress intended to "'halt the unacceptable delay which ha[d] developed in the federal habeas process.'" Calderon v. United States District Court (Kelly III), 127 F.3d 782, 785 (9th Cir. 1997) (citation omitted), overruled in part on other grounds, Kelly V, 163 F.3d at 540.

Under 28 U.S.C. § 2244(d)(1), as amended, state prisoners have only one year in which to file their federal habeas petitions. The one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1) begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The applicable limitations period here is that set forth in 28 U.S.C. § 2244(d)(1)(A).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.  CV 15-00136-SVW (KK)　　　　　Date: February 2, 2015
　　　　　　　　　　　　　　　　　　　　Page 3 of 5

Title:　　　Hector Jaramillo v. Dave Davey, CSP Warden

　　　　As indicated above, a petitioner ordinarily has one year from the date that his conviction becomes final to file a federal habeas petition. 28 U.S.C. § 2244(d)(1). A case becomes final with "the conclusion of direct review or the expiration of the time for seeking such review." Id.

　　　　In this case, the California Court of Appeal affirmed Petitioner's conviction in a reasoned decision on direct appeal on June 25, 2013. On September 11, 2013, the California Supreme Court denied review of the California Court of Appeal's decision. Petitioner's conviction therefore became "final" ninety days later on December 10, 2013. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (holding that the period of direct review for the purposes of AEDPA's limitation period "includes the period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court"); see also Sup. Ct. R. 13 (allowing a petition for a writ of certiorari seeking review of a judgment of a state court of last resort to be filed within 90 days after the entry of judgment). Thus, under 28 U.S.C. § 2244(d)(1), the limitations period began to run the next day on December 11, 2013 and expired one year later, on **December 10, 2014**. The instant Petition was not constructively filed until January 23, 2015. Therefore, the instant Petition is untimely by over a month, absent tolling.

　　　　The AEDPA provides a statutory tolling provision that suspends the limitations period for the time during which a "properly filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005). However, the Supreme Court has explained that if a state habeas petition is not timely filed under the applicable state law, it is not "properly filed" and will not toll the AEDPA limitations period. See Pace v. DiGuglielmo, 544 U.S. 408, 417, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). On collateral review, "intervals between a lower court decision and a filing of a new petition in a higher court," when reasonable, fall "within the scope of the statutory word 'pending,'" thus tolling the limitations period. Carey v. Saffold, 536 U.S. 214, 223, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002).

　　　　Here, Petitioner does not appear to have filed any applications for post-conviction relief that would toll the AEDPA statute of limitations. Petitioner is advised that he bears

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Case No.     CV 15-00136-SVW (KK)              Date: February 2, 2015
                                                Page 4 of 5

Title:      Hector Jaramillo v. Dave Davey, CSP Warden

the burden of proof to demonstrate that he is entitled to statutory tolling. See, e.g., Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010) ("[The petitioner] bears the burden of proving that the statute of limitations was tolled.").

In addition to statutory tolling, the AEDPA limitations period may also be subject to equitable tolling if the Petitioner can demonstrate both: (1) that he has diligently pursued his rights; and (2) that some extraordinary circumstance stood in his way. See Holland v. Florida, 560 U.S.631, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010). There are no allegations in the Petition suggesting Petitioner is entitled to equitable tolling. Petitioner is advised that he bears the burden of proof to demonstrate that he is entitled to equitable tolling. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (holding that habeas petitioners have the burden of proof to show equitable tolling).

As such, based upon the Petition as currently submitted, 28 U.S.C. § 2244(d)(1) appears to bar this action. Petitioner is therefore **ORDERED TO SHOW CAUSE,** within **fourteen (14) days** of the date of this Order, why this action should not be dismissed pursuant to the AEDPA one-year period of limitation. Petitioner is advised to inform the Court of any reason that he may be entitled to statutory or equitable tolling.

**Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Petitioner's convenience. However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by the AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."**

**Petitioner is expressly warned that failure to timely file a response to this Order will result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute. See Fed. R. Civ. P. 41(b).**

The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.     CV 15-00136-SVW (KK)              Date: February 2, 2015
                                               Page 5 of 5

Title:       Hector Jaramillo v. Dave Davey, CSP Warden

address of record.